IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARI L. JENSEN, and JAREL J. JENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>RADIOLOGIC CENTER, INC., and NICK L. NELSON, M.D.,<br><br>Defendants. | 8:24CV129<br><br>ORDER TO CORRECT FILINGS |

This case is before the Court on Defendants' Motion to Exclude Plaintiffs' Experts . . . and Motion for Summary Judgment (Combined Motions), Filing 82, and supporting Brief, Filing 83, as well as Plaintiffs' Annotated Statement of Disputed Facts, Filing 90. In their supporting Brief, Defendants acknowledge the requirement in NECivR 56.1(a)(1) to file a separate statement of facts, but they observe that there is no similar requirement for other motions in NECivR 7.1. *See* Filing 83 at 2. They then explain,

> [G]iven that consideration of Defendants' Motion for Summary Judgment is reliant on the granting of Defendants' Motion to Exclude, in order to conserve judicial time by the submission of duplicative supporting filings (i.e., Evidence Indexes, Affidavits, and Exhibits), Defendants have combined said motions and provided a statement of undisputed material facts within this Supporting Brief.

Filing 83 at 2.

Unfortunately, this course of action has actually caused more work for the Court, because the Plaintiffs have objected to the Defendants' failure to follow the Court's local rules on summary judgment. Plaintiffs argue in their purported Annotated Statement that Defendants' failure to comply with the "separate statement" requirement of NECivR 56.1 is a sufficient reason to deny Defendants' Motion for Summary Judgment and that Defendants' failure means Plaintiffs are

1

prevented from adhering to NECivR 56.1(b)(1)(A) and (B). Filing 90 at 3. They also argue that Defendants failed to comply with the certification requirements of NECivR 7.1(d)(1)(D). Filing 90 at 3. Consequently, they argue that Defendants' Brief should be stricken and that Defendants' Motion for Summary Judgment should be denied. Filing 90 at 3

Under the circumstances, the relief Plaintiffs request is out of proportion to Defendants' departures from the requirements of the applicable local rules. First and foremost, where Defendants met the requirements for a statement of facts in NECivR 56.1(a) apart from filing the statement of facts as a separate document, the Court does not believe that Plaintiffs were truly prevented from making any response to Defendants' statement of facts. Plaintiffs also have not shown how they were prejudiced by the lack of NECivR 7.1(d) certifications. Rather, the Court finds much more reasonable Plaintiffs' suggestion of alternative relief in the form of refiling of a statement of facts in compliance with NECivR 56.1 and leave for Plaintiffs to respond within a reasonable time period. Filing 90 at 3. The resulting delay is attributable to the parties' non-compliance with applicable rules.

Accordingly,

IT IS ORDERED that

1. Not later than November 20, 2025, Defendants shall file a separate statement of material facts in support of their Combined Motion in compliance with NECivR 56.1(a). The separate statement cannot add to or remove any factual allegations or any record citations found in their Statement of Undisputed Material Facts in their supporting brief, Filing 83 at 2–6; and

2. Not later than December 1, 2025, Plaintiffs shall file a response to Defendants' properly filed statement of material facts in compliance with NECivR 56.1(b).

The parties are reminded that compliance with the Court's local rules is required, not optional, to further the goal of the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Any future failures to comply with the Court's rules or the Federal Rules of Civil Procedure may not result in a "re-do."

Dated this 13th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
