IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARI L. JENSEN, and JAREL J. JENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>RADIOLOGIC CENTER, INC., and NICK L. NELSON, M.D.,<br><br>Defendants. | **8:24CV129**<br><br>**MEMORANDUM AND ORDER ON UNRESOLVED MOTIONS DURING TRIAL** |

This medical malpractice action by Plaintiffs Shari L. Jensen and Jarel J. Jensen arises from the alleged failure of a radiologist, Defendant Nick L. Nelson, M.D., an employee of Defendant Radiologic Center, Inc., to identify and report a mass on Ms. Jensen's sternum shown in an MRI that was part of the initial workup for invasive breast cancer. Filing 1 at 7–8 (¶¶ 39–48); Filing 12 at 19 (¶ 3). A jury trial was held in this case from March 9 through March 12, 2026. Defendants made a Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a) at the close of Plaintiffs' case-in-chief and renewed that Motion at the close of Defendants' case-in-chief. Plaintiffs did not make a Rule 50(a) Motion at the end of their case-in-chief, but they did make such a Motion at the close of Defendants' case-in-chief. The Court reserved ruling on all three Rule 50(a) Motions. Defendants also made a Motion for Mistrial based on allegedly improper comments by Plaintiffs' counsel during Plaintiffs' cross-examination of one of Defendants' expert witnesses. The Court reserved ruling on that motion as well. Late in the afternoon on March 12, 2026, the jury returned a verdict for Plaintiffs. This order addresses those unresolved motions made during trial.

## I.   THE MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50 provides for a motion for judgment as a matter of law (JMOL) during trial as follows:

**(a) Judgment as a Matter of Law.**

> **(1) In General.** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > **(A)** resolve the issue against the party; and
> >
> > **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2) Motion.** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). Rule 50 does not limit a Motion for JMOL during trial just to a defendant, and both Plaintiffs and Defendants made such motions in this case. *Dupree v. Younger*, 598 U.S. 729, 731 (2023) ("After the presentation of evidence, but before the case is submitted to the jury, Rule 50(a) authorizes either party to move for judgment as a matter of law.").

"If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b); *Rembrandt Enters., Inc. v. Tecno Poultry Equip., SpA*, 137 F.4th 896, 899 (8th Cir. 2025) (quoting Fed. R. Civ. P. 50(b)). Because the Court reserved its ruling on Plaintiffs' Rule 50(a) motion, the jury's verdict in Plaintiffs' favor necessarily moots their Rule 50(a) motion. *See* Fed. R. Civ. P. 50 advisory committee note to the 1991 amendment (indicating "a jury verdict for the moving party moots the" Rule 50 motion). On the other hand, "[w]ithout question, when the verdict loser fails to file a Rule 50(b) motion

2

renewing its pre-verdict Rule 50(a) JMOL motion, 'there [is] no basis for review of [the party's] sufficiency of the evidence challenge in the Court of Appeals.'" *Ludlow v. BNSF Ry. Co.*, 788 F.3d 794, 800 (8th Cir. 2015) (quoting *EEOC v. Sw. Bell Tel., L.P.*, 550 F.3d 704, 708 (8th Cir. 2008)); *see also Cornwell Ent., Inc. v. Anchin, Block & Anchin, LLP*, 830 F.3d 18, 22 (1st Cir. 2016) (explaining that where the District Court reserved decision on a Rule 50(a) motion and sent the case to the jury, it thereby "require[ed] the defendants to renew their Rule 50(a) motion with a Rule 50(b) motion post-judgment if the defendants wished that motion to be considered." (citing Fed. R. Civ. P. 50(b)).

Thus, Plaintiffs' Rule 50(a) Motion made at the conclusion of Defendants' evidence is denied as moot. *See* Fed. R. Civ. P. 50 advisory committee note to the 1991 amendment (indicating "a jury verdict for the moving party moots the" Rule 50 motion). On the other hand, Defendants must renew their Rule 50(a) motion post-trial as required and within the time provided by Rule 50(b), if they want the Court to rule on a motion for judgment as a matter of law. *See* Ludlow, 788 F.3d at 800; *see also Cornwell Ent., Inc.*, 830 F.3d at 22. Also, because the Court will enter judgment on the jury's verdict, Defendants must combine their renewed motion under Rule 50(b) with a Rule 59(e) motion.

## II. DEFENDANTS' MOTION FOR MISTRIAL

As mentioned above, Defendants also made a Motion for Mistrial based on allegedly improper comments by Plaintiffs' counsel during Plaintiffs' cross-examination of Defendants' expert radiologist. Prior to trial, Defendants sought an order barring anyone from identifying Plaintiffs' attorneys or their family members as physicians/doctors, as having gone to medical school, or as having obtained a medical diploma, as well as barring references to Plaintiffs' counsel as "Dr. Cullan." Filing 106 at 3. The Court granted that motion in limine as follows:

The Court concludes that Plaintiffs' counsel's medical education or a medical title is irrelevant and potentially more prejudicial than probative. Fed. R. Evid. 402, 403. It is not unreasonable to believe that lay jurors might believe such qualifications give extra weight to counsel's statements or arguments, and that precautions to prevent such improper considerations [are] appropriate. Therefore, the Court grants this part of Defendants' Motion to the extent that Plaintiffs must take reasonable steps to ensure that their counsel is identified at all times simply as "Mr." not "Dr."

Filing 130 at 7.

Notwithstanding this ruling, in the course of cross-examining an expert radiologist, Plaintiffs' counsel asked what year in medical school the expert had taken anatomy, and the following exchange then occurred:

Q. Okay. Did you cut up cadavers like we all did?

A. Yes.

Q. And --

[Defense Counsel]: Objection, Your Honor. May we have a sidebar?[1]

The Court promptly granted the request for a sidebar.

At the sidebar, Defendants' counsel moved for a mistrial on the ground that Plaintiffs' counsel was trying to put his own medical knowledge before the jury, contrary to the Court's ruling on the pertinent part of Defendants' Motion in Limine. The Court then told Plaintiffs' counsel— and reiterates now—that the Court had "specifically and unequivocally" ordered Plaintiffs' counsel not to mention that he had a medical degree. The Court also pointed out that Plaintiffs' counsel had previously referred to "when we are trained" in questioning another medical expert. The Court also told Plaintiffs' counsel—and reiterates now—that the Court concluded that Plaintiffs' counsel had "blatantly and unequivocally" violated a clear order not to communicate to the jury that he was a doctor. The Court also rejected Plaintiffs' counsel's statement that it was not

---

[1] The Court has utilized a rough draft of the daily transcript for March 12, 2026. Consequently, there are no pinpoint citations to the transcript.

4

his intention to violate the Court's order. Instead, the Court concluded that Plaintiffs' counsel knew what he was saying and intended to violate the Court's order.

However, at the sidebar, the Court did not grant Defendants' motion for a mistrial, thus reserving ruling on the motion. Indeed, just prior to the verdict, Defendants' counsel asked about the motion for mistrial, and the Court responded that it had taken the motion under advisement.

In considering a motion for mistrial in a civil case, the Eighth Circuit has observed:

> "The decision to grant a new trial is left to the sound discretion of the trial court and this court will not disturb the trial court's decision absent a clear showing of abuse of discretion." *Pullman v. Land O'Lakes, Inc.*, 262 F.3d 759, 762 (8th Cir.2001) (citations omitted). A violation of an order granting a motion in limine may only serve as a basis for a new trial when the order is specific in its prohibition and the violation is clear. *Id.* (citation omitted). Further, a party is entitled to a new trial only where the violation constitutes prejudicial error or results in the denial of a fair trial. *Id.* (citation omitted). "Prejudicial error is error which in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it." *Id.* (citations omitted).

*Black v. Shultz*, 530 F.3d 702, 706 (8th Cir. 2008). The Eighth Circuit had previously observed, "In respect to motions for mistrial, the district court is in a far better position to measure the effect of [an] improper [comment] on the jury than an appellate court which reviews only the cold record." *Bennett v. Hidden Valley Golf & Ski, Inc.*, 318 F.3d 868, 880 (8th Cir. 2003) (cleaned up; internal quotation marks and citation omitted).

In this case, the motion in limine ruling on this issue was specific in its prohibition of references to Plaintiffs' counsel as a doctor. Filing 130 at 7; *Black*, 530 F.3d at 706. The Court does not believe that a prohibition on specific statements that Plaintiffs' counsel could not be called "Dr." provided "wiggle room" for Plaintiffs' counsel to argue that a statement that clearly referenced his medical training did not violate the Court's order. The Court is convinced that Plaintiffs' counsel's comments clearly violated the spirit of the Court's prohibition, at the very least, and may well be sanctionable.

5

Nevertheless, the Court is not convinced that the comments were sufficiently prejudicial or deprived Defendants of a fair trial such that a mistrial and new trial are warranted. *Black*, 530 F.3d at 706. When measuring the effect of the improper comments, the Court notes that the two comments referring to Plaintiffs' counsel's medical training were in passing and unlikely to draw the same attention from jurors as from Defendants' counsel and Court. The jurors were more likely to be focused on the import of the expert's opinions than on Plaintiff's counsel's references to himself. *See Bennett*, 318 F.3d at 880 (the district court is in a better position to measure the effect of improper comments).

Under these circumstances, Defendants' Motion for a Mistrial is denied.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.  Plaintiffs' Rule 50(a) Motion, on which the Court previously reserved ruling, is denied as moot;

2.  Defendants' Rule 50(a) Motion, on which the Court previously reserved ruling, must be timely renewed pursuant to Rules 50(a) and 59(e) to be considered by the Court; and

3.  Defendants' Motion for Mistrial is denied.

Dated this 13th Day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

6